UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN DEVON,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA, SUPERIOR-SUPREME COURT,<br><br>　　　　　Respondent. | Case No.  1:21-cv-01259-HBK<br><br>ORDER TRANSFERRING CASE TO THE CENTRAL DISTRICT OF CALIFORNIA<br><br>(Doc. No. 1) |

　　　　Petitioner is proceeding on his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. No. 1).  Petitioner is a prisoner incarcerated in Kern County, which is located within the jurisdiction and venue of this Court.  Petitioner challenges his November 1993 state sentence entered by the Superior Court of Los Angeles County, which is located within the jurisdiction and venue of the Western Division of the United States District Court for the Central District of California.  Petitioner primarily complains that his military service was not considered at his sentencing and requests a reduction in his sentence.  (*Id*. at 3).  Petitioner was denied this relief before the Los Angeles County Superior Court.  (*Id*. at 23).  Petitioner also states that his Eighth Amendment and Due Process rights have been violated and refers to youth offender parole hearings and racial injustice.  (*Id*. at 3).

Under 28 U.S.C. § 2241(d), jurisdiction is proper in the judicial district where the petitioner was convicted or where the petitioner is incarcerated. Therefore, both the Central District of California and the Eastern District of California have concurrent jurisdiction. *See* 28 U.S.C. § 2241(d); *Rumsfeld v. Padilla*, 542 U.S. 426, 428 (2004). However, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Federal courts in California generally hear petitions for writ of habeas corpus in the district of conviction. *Favor v. California*, No. 116-CV-01912-DAD-EPG-HC, 2017 WL 2671006, at *1 (E.D. Cal. June 21, 2017) (*citing Laue v. Nelson*, 279 F. Supp. 265, 266 (N.D. Cal. 1968). Thus, the Court finds in its discretion "and in furtherance of justice" the petition should be transferred to the Central District of California. 28 U.S.C. §§ 1404(a), 2241(d). The Court declines to rule on Petitioner's "application for leave to file petition," which was addressed to the Ninth Circuit Court of Appeals. (Doc. No. 2).

Accordingly, it is hereby **ORDERED:**

1. The Clerk shall transfer this action to the United States District Court for the Central District of California, Western Division; and

2. All future filings shall reference the new case number assigned and shall be filed at:
United States District Court
Central District of California
Western Division
350 W 1st Street, Suite 4311
Los Angeles, CA 90012-4565

Dated:   August 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2